**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

THOMAS A. KUEMMEL, JR.,

Plaintiff,

v.

CAUSE NO.: 1:20-CV-239-TLS

FRANK BISIGNANO, Commissioner of the
Social Security Administration,

Defendant.

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff's Attorney's Motion for an Award of

Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 39], filed on May 7, 2026. The

Commissioner neither supports nor opposes the motion. ECF No. 41. For the reasons stated

below, the fees motion is GRANTED.

**BACKGROUND**

The Plaintiff's attorney represented the Plaintiff before this Court in a judicial review of

the Commissioner's unfavorable decision on the Plaintiff's application for disability insurance

benefits. The Court reversed and remanded for further proceedings, ECF No. 31, and awarded

attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, ECF No. 35. On

remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to

past-due benefits of $230,697.96, twenty-five percent of which was $57,567.00. *See* ECF Nos.

39-9; 39-10. The Court granted the Plaintiff's attorney an award of attorney fees under 42 U.S.C.

§ 406(b) in the amount of $57,566.99 with the Plaintiff's attorney to refund to the Plaintiff the

$16,769.40 in EAJA fees previously awarded and received by counsel in this case. ECF No. 38.

On June 16, 2025, and January 20, 2026, the Social Security Administration issued Notices of Awards for dependent benefits to the Plaintiff's two children in the total amount of $34,781.00 based upon the Plaintiff's earnings records. ECF No. 39-7, p. 1; ECF No. 39-8, p. 1. The Plaintiff's attorney now seeks payment of a supplemental fee under 42 U.S.C. § 406(b) in the amount of $8,695.25, which is twenty-five percent of the past-due dependent benefits awarded.

## ANALYSIS

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

Here, the combined benefits to the Plaintiff and her children total $265,048.96. The requested amount in attorney's fees is consistent with the contingency agreement. The total gross fee paid to the Plaintiff's attorney for the work performed at the federal court level would be $66,262.24 when combining the sum of the fee previously awarded of $57,566.99 and the fee requested in the instant motion of $8,695.25. Counsel represents that 78.05 attorney hours were spent in federal court on this case, resulting in an effective hourly rate of $848.92. *See* Pl. Mot. 2, ECF No. 39. This hourly rate is reasonable given the contingent nature of this case, the favorable past-due benefit award, and the benefit the Plaintiff will receive in future payments. *See Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (noting that an hourly rate of $1,711.96 is within the range of rates approved by courts); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 39], and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $8,695.25.

SO ORDERED on May 14, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3